9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mario DIAZ, Petitioner-Appellant,
v.
Steve HARGETT, Respondent-Appellee
 No. 93-6161.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Mario Diaz, an Oklahoma state prisoner proceeding pro se, appeals from the district court's order of April 23, 1993, dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. 2254 (1988).[2] We affirm the district court's dismissal of Mr. Diaz's petition.
 
 
 3
 Mario Diaz was convicted in Oklahoma state court of first degree murder during the commission of robbery with a dangerous weapon and was sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals affirmed his conviction and life sentence on direct appeal. See Diaz v. State, 728 P.2d 503 (Okl.Crim.App.1986). This is Mr. Diaz's second habeas petition in federal court challenging his state conviction. His first petition, which raised thirteen grounds for relief, was denied in Diaz v. Miller, CIV-87-2215-A, and was not appealed.
 
 
 4
 In his second habeas petition, Mr. Diaz raises six grounds for relief asserting that (1) he was not advised of his privilege against self-incrimination, (2) the co-defendant who testified against him was improperly coached and thereby gave tainted and perjured testimony at trial, (3) the prosecutor withheld evidence that the co-defendant was hearing impaired and mentally slow, (4) the prosecutor did not disclose that the co-defendant's plea agreement included a stipulation that he would be recommended for parole in fifteen months if he testified against petitioner, (5) petitioner was denied effective assistance of counsel at trial and on appeal, and (6) the Oklahoma Post-Conviction Procedure Act was inadequate to protect petitioner's rights.
 
 
 5
 The magistrate judge issued a Report and Recommendation recommending dismissal of the petition due to Mr. Diaz's assertion of new grounds for relief that either were or could have been raised in his first habeas petition but were not, thus constituting an abuse of the writ. Furthermore, applying McCleskey v. Zant, 111 S.Ct. 1454 (1991), the magistrate judge determined that there was no cause or prejudice excusing Mr. Diaz's abuse of the writ. The district court adopted the Report and Recommendation and ordered the dismissal of the petition.
 
 
 6
 We have extensively reviewed the record in this case, as well as Mr. Diaz's arguments and authorities. The magistrate judge's Report and Recommendation deals adequately and thoroughly with the issues presented. Accordingly, for the reasons outlined in the magistrate judge's Report and Recommendation, we AFFIRM the district court's order dismissing Mr. Diaz's writ of habeas corpus.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Because Mr. Diaz has raised important federal issues that are debatable among jurists, we grant Mr. Diaz's request for a certificate of probable cause. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)